# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **RICKY ANDREW THOMPSON** | * | **CIVIL ACTION NO. 08-1172** |
| **VERSUS** | * | **JUDGE JAMES** |
| **STATE OF GEORGIA** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss or in the alternative, a motion to transfer [doc. # 9] filed by defendant, the State of Georgia. The motion was referred to the undersigned for decision in accordance with 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that the motion to dismiss be DENIED in part, but that the alternative motion to transfer be GRANTED.

## Background

On August 2, 2008, Ricky Andrew Thompson filed the instant pro se complaint against the State of Georgia. He alleges that in 2005 his due process rights were violated when an officer acting on behalf of the "corporation and citizenry of Georgia" removed $ 60 from his person and gave it to someone who had accused Thompson of theft. (Complaint). He further alleges that he was held in custody for over two years with no evidence against him, and that he was forced "out of fear of death by accident" to plead no contest to a robbery charge. *Id*. He concludes that after the state seized the $ 60, he became a victim of theft, and that the State of Georgia wrongfully held him as a robbery victim. *Id*. Thompson seeks expungement of his criminal record and monetary damages of $ 5 million for pain, defamation, and subsequent asset loss. *Id*.

On September 9, 2008, the State of Georgia filed the instant motion to dismiss or alternatively, motion to transfer. The motion seeks dismissal due to lack of personal jurisdiction, improper venue, and/or Eleventh Amendment Immunity.[1] Following delays for briefing, the matter is now before the court.

**<u>Venue</u>**[2]

In his complaint, plaintiff does not set forth a procedural vehicle for his constitutional claims. However, on his civil cover sheet, plaintiff checked the box for "Other Civil Rights" and wrote that he had been deprived of personal property without due process of law by a state actor. (Civil Cover Sheet). Plaintiff's allegations suffice to invoke a claim for redress under 42 U.S.C. § 1983.[3]

Section 1983 does not contain a venue provision; thus, venue is determined under the General Venue Statute, 28 U.S.C. § 1391. *Nevers v. Claiborne Parish Detention Center*, 2008 WL 4104352 (E.D. La. Aug. 29, 2008). When, as here, a civil action is not premised solely upon

---

[1] Defendant also cited Rules 12(b)(5) & (6), 17(b), and 4(m) in its motion to dismiss. However, defendant did not brief or further urge dismissal on these grounds. Accordingly, they are deemed abandoned.

[2] As defendant's argument regarding venue proves dispositive, at least for our purposes, the court will address this issue first. The undersigned observes that to the extent Eleventh Amendment Immunity constitutes a challenge to the court's subject matter jurisdiction, *see, McIntosh v. Partridge*, 540 F.3d 315, 319 (5th Cir. 2008), the issue is not readily resolved in light of the court's discretion to afford the pro se plaintiff an opportunity to substitute a defendant to cure the deficiency. Where, as here, the subject matter jurisdiction issue is not straightforward, the court may proceed to consider personal jurisdiction and venue in the first instance. *See, Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999) (addressing personal jurisdiction).

[3] "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995) (citation omitted).

diversity jurisdiction, it may (except as otherwise provided by law) be brought *only* in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

"[T]he plaintiff has the burden of proving the district he chose is a district of proper venue." *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528, at *5 (E.D. La. Mar. 22, 2005); *accord Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995).

In response to defendant's motion, plaintiff did not argue, let alone establish, that the State of Georgia "resides" in Louisiana, or that it may be "found" here. *See*, 28 U.S.C. § 1391(b)(1) & (3). Moreover, even if it could be argued that the effects of defendant's actions were felt in Louisiana, that does not suffice to authorize venue in this district pursuant to § 1391(b)(2). *See, Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Accordingly, venue does not lie in this forum. *See, Davis v. Louisiana State University*, 876 F.2d 412, 413 (5th Cir. 1989) (venue improper where all defendants reside in different state and events giving rise to cause of action arose elsewhere).

When venue is improper the district court shall dismiss the case, or "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant primarily urges dismissal. However, dismissal and re-filing are a time-consuming and inefficient process. *See, Smith v. Fortenberry*, 903 F. Supp. 1018, 1021-1022 (E. D. La. 1995). Moreover, given plaintiff's pro se status, the interests of justice are best

3

served by transferring this case to a court and district where the case could have been brought – one such court is the U.S. District Court for the Northern District of Georgia.. *Id.*[4]

For the reasons set forth above,

IT IS RECOMMENDED that the motion to dismiss [doc. # 9] filed by defendant, State of Georgia, be DENIED in part, insofar as it seeks dismissal due to improper venue and lack of personal jurisdiction. Insofar as the motion seeks dismissal on the basis of Eleventh Amendment Immunity, IT IS RECOMMENDED that the motion be deferred.

IT IS FURTHER RECOMMENDED that the alternative motion to transfer [doc. # 9] filed by defendant, State of Georgia, be GRANTED, and that this case be transferred to the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1406(a).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[4] Plaintiff was arrested in Atlanta which is located in the Northern District of Georgia. The recommended transfer will moot defendant's motion to dismiss for lack of personal jurisdiction. The undersigned will further recommend that defendant's motion to dismiss on the basis of Eleventh Amendment immunity be deferred to the sound discretion of the transferee court.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of October, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE